**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Minnesota Life Insurance Company, | No. CV-14-00866-PHX-JZB |
| Plaintiff, | **O R D E R** |
| v. | |
| Norma A. Gomez, et al., | |
| Defendants. | |

Plaintiff Minnesota Life Insurance Company has filed a Motion for Default Judgment against Defendant Lizeth Gomez pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 15.) Ms. Gomez has not responded and the time to do so has long since expired. *See* LRCiv 7.2(c) (providing that a response must be filed within 14 days after service of the motion). For the reasons set forth below, the Court will grant Plaintiff's request for default judgment.[1]

**I.   Background**

On April 23, 2014, Plaintiff filed this interpleader Complaint against Defendants Norma A. Gomez, Lizeth Gomez, and minors M.G. and C.G., arising from potential claims to benefits under a basic life insurance and accidental death and dismemberment (AD&D) policy issued by Plaintiff to Saul E. Gomez's former employer. (Doc. 1.) Plaintiff alleges the following facts in its Complaint:

---

[1] Because Defendant Lizeth Gomez has not appeared or consented to Magistrate Judge jurisdiction, this Court issues an Order on Plaintiff's pending Motion for Default Judgment. *See* General Order 11-03.

**FACTS**

8. [Plaintiff] issued the Policy to FedEx that provided basic life insurance and AD&D benefits to covered FedEx employees. The Policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

9. Mr. Gomez was a FedEx employee who was covered under the Policy. Mr. Gomez had $47,000 in basic life insurance coverage and $47,000 in AD&D coverage under the Policy.

10. Mr. Gomez did not name a beneficiary under the Policy.

11. The Policy provided that if the insured does not name a beneficiary, benefits will be paid to surviving relatives in the following order: (1) the insured's lawful spouse; (2) the insured's natural or legally adopted children, in equal shares; (3) the insured's parents, in equal shares; or (4) the personal representative of the insured's estate.

12. On July 3, 2007, Mr. Gomez was found dead in the Gila River. He had sustained multiple gunshot wounds. Maricopa County Sherriff's Office investigated Mr. Gomez's death and ruled it a homicide.

13. Mr. Gomez's death caused life insurance and AD&D benefits to be due and payable under the Policy.

14. Norma Gomez submitted a claim for the life insurance and AD&D benefits on September 26, 2008.

15. [Plaintiff] stands ready to pay the $47,000 life insurance benefit and $47,000 AD&D benefit, plus accrued interest at a rate of 4%.

16. The investigation into Mr. Gomez's death is ongoing. Norma Gomez is considered a suspect in Mr. Gomez's death, but has not yet been charged with any crimes arising out of his murder.

17. If Norma Gomez was responsible for the death of Mr. Gomez, then she may be disqualified from receiving the life insurance and AD&D benefits under applicable law.

18. If Norma Gomez is precluded from receiving the life insurance and AD&D benefits, defendants M.G., C.G. and Lizeth Gomez, as Mr. Gomez's living children, would be entitled to an equal distribution of the life insurance and AD&D benefits.

(Doc. 1 at 2-4.)

Plaintiff asserts that because of the circumstances of the homicide investigation and the potential for conflicting claims, it filed the pending Complaint in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, requesting that this Court determine the rightful beneficiary or beneficiaries of the policy. (*Id.* at 4.) In the Complaint, Plaintiff seeks relief in the form of an order (1) discharging Plaintiff from further liability for the funds, (2) requiring Defendants to interplead their claims to the benefits, (3) permanently enjoining Defendants from bringing any claim or action against Plaintiff relating to the benefits, and (4) dismissing Plaintiff with prejudice. (*Id.* at 2.)

Lizeth Gomez was personally served with the Complaint on August 14, 2014. (Doc. 11.) After she failed to answer or otherwise appear, the Clerk of Court entered her default against her. (Doc. 13.) Plaintiff now seeks default judgment against her that permanently enjoins her, her attorney, and her agents from initiating any proceedings against Plaintiff in connection with the life insurance and AD&D benefits at issue in this interpleader action.[2] (Doc. 15.)

**II.   Subject Matter and Personal Jurisdiction**

Before considering the merits of Plaintiff's Motion for Default Judgment, the Court considers whether it has subjection matter jurisdiction over this matter and personal jurisdiction over Lizeth Gomez. As detailed below, the Court finds that it has such jurisdiction.

**a. Subject Matter Jurisdiction**

A party seeking to bring a federal interpleader action under Rule 22 must establish statutory jurisdiction. *See Aetna Life Ins. Co. v. Bayonya*, 223 F.3d 1030, 1033 (9th Cir. 2000). Here, the Court has original jurisdiction over this matter because Plaintiff seeks equitable relief under ERISA. *See* 29 U.S.C. § 1132(a)(3)(B)(ii), (e)(1); 28 U.S.C. § 1331; *see also Bayona*, 223 F.3d at 1033. The Court further has original jurisdiction over

---

[2] In 2014, this Court entered default judgment against Lizeth Gomez after she failed to appear in a similar interpleader action involving the same Claimants, but different policy funds. *See Hartford Life and Accident Ins. Co. v. Gomez, et al.*, 2:13-cv-1144-BSB, Doc. 39.

this matter pursuant to 28 U.S.C. § 1335.[3]  First, Plaintiff commenced this civil action because it has possession of money with a value of more than $500.00—the life insurance benefit of $47,000.00 and AD&D benefit of $47,000.00, plus applicable interest.  *See* 28 U.S.C. § 1335(a).  Second, at least two of the adverse claimants have diverse citizenship—Norma Gomez and minors M.G. and C.G. are Arizona citizens, and Lizeth Gomez is a California citizen.  *See* 28 U.S.C. § 1335(a)(1); *see also Blackmon Auctions*, *Inc. v. Van Buren Truck Ctr., Inc.*, 901 F. Supp. 287, 289 (W.D. Ark. 1995) ("The Federal Interpleader Act provides an independent basis for federal jurisdiction when there is minimal diversity between the claimants, *i.e.*, when at least two of the claimants are citizens of different states."); (Docs. 6, 11).  Third, Plaintiff has deposited the at-issue funds into the registry of the Court.  (Docs. 22, 24); 28 U.S.C. § 1335(a)(2).  Therefore, the Court concludes that Plaintiff has also satisfied the requirements of 28 U.S.C. § 1335.

### b. Personal Jurisdiction

The Court also concludes that it has personal jurisdiction over Lizeth Gomez.  ERISA provides that "where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Similarly, under 28 U.S.C. § 2361, the nationwide service of process provision, "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants . . . ."

Ms. Gomez is a California resident with minimum contacts with the United States as a whole.  Therefore, the Court also concludes that it has personal jurisdiction over her.

---

[3] Plaintiff does not reference that statute in its Complaint or Civil Cover Sheet, citing instead to 29 U.S.C. § 1132 and 28 U.S.C. § 1331 as the basis for jurisdiction. (Docs. 1, 1-1.)  However, the Court on its own review finds that this matter meets all of the requirements § 1335.  *See* Fed. R. Civ. P. 22(b) ("[T]he remedy [Rule 22] provides is in addition to—and does not supersede or limit—the remedy provided by 28 U.S.C. § § 1335, 1397, and 2361.").

*See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("Personal jurisdiction over a defendant may be acquired in one of two ways: by personal service of that defendant or by means of a defendant's 'minimum contacts' with the jurisdiction . . . . Personal service is normally effective only within the boundaries of the state in which the federal court sits; however, federal statues may provide for nationwide service of process. The ERISA statute so provides. 29 U.S.C. § 1132(e)(2)."); *see also Metro. Life Ins. Co. v. Probst*, No. CV–09–8180–PCT–DGC, 2009 WL 3740775, at *1-2 (D. Ariz. Nov. 6, 2009) (acknowledging that § 2361, the nationwide service of process statute, applies to statutory interpleader actions); *Valley Forge Life Ins. Co. v. Rockmore*, No. 7:07-cv-0063(HL), 2008 WL 1805450, at *1 (M.D. Ga. Apr. 18, 2008) ("Personal jurisdiction over statutory interpleader claimants is available through the nationwide service of process provisions of 28 U.S.C. § 2361.").

**III. Standards for the Entry of Default Judgment**

    **a. Rule 55 of the Federal Rules of Civil Procedure**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." In general, "where a stakeholder is served with process but then fails to appear and make a claim to the interpleaded funds, the stakeholder waives his rights to the funds making them available for equitable redistribution to the other stakeholders." *Wells Fargo Bank, Nat. Ass'n v Magellan Owners Ass'n*, No. CV–09–587–PHX–MHM, 2010 WL 3789327, at *4 (D. Ariz. Sept. 22, 2010). Once a party's default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (considering lack of merit in plaintiff's substantive claims, the court did not abuse its discretion in declining to enter a default judgment). Here, the Clerk of Court has entered Lizeth Gomez's default. Thus, the Court may consider Plaintiff's request for default judgment against her.

### b. The *Eitel* Factors

When deciding whether to grant default judgment, the Court considers the following "*Eitel*" factors: "(1) the possibility of prejudice to the plaintiff[;] (2) the merits of the plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). As detailed below, the Court finds that the factors weigh in favor of granting Plaintiff's Motion for Default Judgment against Lizeth Gomez.

### i. Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting Plaintiff's Motion. Plaintiff served Ms. Gomez on August 24, 2014. (Doc. 11.) She has not answered the Complaint or otherwise appeared in this action. In view of her default, Plaintiff has no alternative means by which to resolve its potential claim regarding the life insurance and AD&D benefits. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d at 1172, 1177 (C.D. Cal. 2002). Therefore, Plaintiff will be prejudiced if a default judgment is not entered.

### ii. Merits of Plaintiff's Claims and the Sufficiency of the Complaint

Considering the relationship between the second and third *Eitel* factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the Complaint together. The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175 (citation omitted).

An interpleader action serves two purposes: (1) protecting the stakeholder from problems caused by multiple claimants to a single fund; and (2) limiting litigation expenses. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). Here,

Plaintiff faces the risk of exposure to multiple liability and has averred that it is a disinterested party with no claim to the insurance proceeds. Because multiple parties could be entitled to the insurance proceeds that are due as a result of Mr. Gomez's death, Plaintiff asserts that it cannot distribute the proceeds without exposing itself to liability or litigation. Exposure to multiple claims for the proceeds of any ERISA benefit plan is a type of action for which interpleader is appropriate. *See Trs of the Dirs. Guild of America- Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). The Court finds that Plaintiff has properly stated a claim for interpleader, and Plaintiff's actions properly protect the claims of the remaining Defendants. Further, there are no policy considerations that preclude the entry of default judgment against Ms. Gomez under the circumstances in this case. *See Eitel*, 782 F.2d at 1471-72. Accordingly, these factors weigh in favor of the entry of default judgment.

### iii. Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, this factor weighs neither in favor nor against the entry of default judgment. In interpleader actions, the sum of money at stake is not dispositive, even if it is substantial, because the interpleading party is not asserting an interest in the interpleaded funds, nor is it seeking damages. *See Transamerica Life Ins. Co. v. Estate of Ward*, No. CIV S–11–0433 JAM EFB, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011) (sum of money at stake in interpleader action was a neutral *Eitel* factor). Plaintiff does not assert a claim to the funds, but is attempting to distribute the funds to the party entitled to the life insurance and AD&D benefits. Thus, this factor is neutral.

### iv. Possibility of Dispute Concerning Material Facts

Here, there is little possibility of a dispute concerning the material facts as to Ms. Gomez. She has not made any effort to challenge the Complaint or otherwise appear in this case, even though the Court entered default against her several months ago. Thus, the fifth *Eitel* factor weights in favor of the entry of default judgment.

### v. Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect. There is no evidence that Ms. Gomez's failure to appear or otherwise defend was the result of excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of default judgment.

### vi. Policy Disfavoring Default Judgment

Under the seventh *Eitel* factor, the Court considers the policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b), however, indicates that the preference for resolving cases on the merits is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177. Because Ms. Gomez has neither appeared nor responded in this action, deciding this case on the merits is "impractical," if not impossible. *Id.* Thus, the seventh *Eitel* factor also weighs in favor of default judgment.

## IV. Conclusion

Because the Court has subject matter jurisdiction over this action and personal jurisdiction over Lizeth Gomez, and the application of the *Eitel* factors weighs in favor of the entry of default judgment, the Court will exercise its discretion to grant Plaintiff's Motion for Default Judgment against Lizeth Gomez.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Lizeth Gomez (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment permanently enjoining Lizeth Gomez, her attorneys, and her agents from initiating any

. . .

1  proceedings against Plaintiff in connection with the basic life insurance and accidental
2  death and dismemberment benefits at issue in this interpleader action.
3       DATED this 3rd day of August, 2015.

                              Honorable Stephen M. McNamee
                              Senior United States District Judge